IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUMA HALIG,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF EXAMINERS OF OPTOMETRY, INC.<br><br>            Defendant. | Civil Action No. 1:22-cv-02118-MJM |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, National Board of Examiners of Optometry, Inc. ("Defendant" or "NBEO"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby answers the Complaint filed by Plaintiff, Luma Halig ("Plaintiff").

Defendant generally denies liability as to all counts and claims.  Each paragraph below corresponds to the numbered or lettered paragraphs in Plaintiff's Complaint.

## NATURE OF THE ACTION

1.      Defendant states that it administers the Clinical Skills Evaluation ("CSE"). Defendant further states that most State Boards of optometry in the United States require optometrists to pass the CSE, among other criteria, to become licensed to practice optometry in their respective jurisdictions.  Defendant admits that Plaintiff purports to allege claims of disability discrimination against NBEO related accommodations that she sought for the CSE, however, Defendant denies that Plaintiff has any valid or viable claim.  Defendant further denies the remaining allegations of Paragraph 1 of the Complaint.

2.      Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits that Plaintiff purports to bring claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1210, *et seq*., but denies that Plaintiff has any valid or viable claim.

4. Defendant admits this Court has subject matter jurisdiction over claims asserted under the ADA, but Defendant denies that Plaintiff has any valid or viable claim.

5. Defendant admits that Plaintiff and NBEO are citizens of different states and that Defendant is subject to 28 U.S.C. §1332, however, Defendant denies that the amount in controversy exceeds $75,000.00 because Title III of the ADA does not provide a private right of action to recover monetary damages.

6. Defendant admits that this Court has authority to issue a declaratory judgment and further equitable relief, however, Defendant denies that Plaintiff has any valid or viable claim for a declaratory judgment or any other equitable relief.

7. Defendant admits that this Court has jurisdiction over Defendant and that Defendant is incorporated under the laws of the State of Maryland.

8. Defendant admits that venue is proper.

## PARTIES

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff has been diagnosed with the disabilities set forth in Paragraph 10 of the Complaint, however, Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff is affected by those disabilities.

11. The statements in Paragraph 11 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant states that its specific and primary purposes are to develop, administer, and score examinations, and report candidate performance on examinations that assess competency in optometry in the United States. Defendant admits that the Clinical Skills Examination ("CSE") is one of its examinations. Defendant further admits that it is subject to Title III of the ADA. To the extent Paragraph 13 of the Complaint contains any other factual allegations to which a response is required, they are denied.

## STATEMENT OF FACTS

14. Defendant admits that Plaintiff is a 2020 graduate of Illinois College of Optometry ("ICO") and that Plaintiff sought to take the Part I exam and the Treatment and Management of Ocular Disease ("TMOD") examination in 2020. Defendant further states that Plaintiff took the Part II exam in 2019 and the Part III exam in 2021 and 2022. Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Defendant states that its three-part optometry certification examination assesses competency in optometry and that most State Boards of optometry in the United States require optometrists to pass all three parts of the examination, among other criteria, to become licensed to practice optometry in their respective jurisdictions. To the extent Paragraph 15 of the Complaint contains any other factual allegations to which a response is required, they are denied.

16. Defendant states that most State Boards of optometry in the United States require optometrists to pass all three parts of its optometry certification examination, among other criteria, to become licensed to practice optometry in their respective jurisdictions. Defendant also admits that the three parts of the optometry certification exam are known as: Part I: Applied Basic Science ("Part I"), Part II: Patient Assessment & Management ("Part II"), and Part III: Clinical Skills

Examination ("Part III"). Defendant denies the remaining allegations of Paragraph 16 of the Complaint including, but not limited to, the allegation that Part II is known as the Potential Acuity Meter.

17.	Defendant states that Part I of the exam consists of two sessions each consisting of 185 multiple choice items and that candidates have four hours to complete each session. Defendant further states that Part II of the exam consists of two sessions with a total of 350 multiple choice items and that candidates have 3.5 hours to complete each session. Defendant further states that Part III of the exam evaluates candidates' demonstration of clinical skills in exam rooms that simulate real-life optometric examination rooms that simulate actual optometry practice. To the extent Paragraph 17 of the Complaint contains any other factual allegations to which a response is required, they are denied.

18.	Defendant admits that Part III of the examination consists of four stations in which three stations are timed for 30 minutes and one station is timed for 15 minutes. Defendant denies that the stations are assigned in any particular order.

19.	Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.	Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.	Defendant admits that general information concerning its policies and procedures for requesting reasonable testing accommodations is set forth on its website and that Defendant requires test takers to provide certain documentation in support of their requests for testing accommodations. Defendant further admits that, among other things, its website states "the candidate's functional limitations" "will determine the appropriateness of any test accommodations." To the extent Paragraph 21 of the Complaint contains any other factual allegations for which a response is required, they are denied.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

**A.     DR. HALIG'S DISABILITY DIAGNOSIS AND ACCOMMODATIONS**

23. Defendant admits that Plaintiff has been diagnosed with the disabilities set forth in Paragraph 22 of the Complaint.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 24 of the Complaint.

25. Defendant only admits that Joshua Wolff, Ph.D. ("Dr. Wolff") has diagnosed Plaintiff with multiple disabilities. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 25 of the Complaint.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant admits that Plaintiff requested accommodations for the Optometry Admissions Test ("OAT"). Defendant denies that the OAT is created by the Association of Schools and Colleges of Optometry, and further denies that the OAT is designed to assess an applicant's potential for success in the practice of optometry. The remaining allegations of Paragraph 36 of the Complaint, if any, are denied.

37. Defendant admits that Plaintiff received double time and a separate room to take the OAT. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendant admits that Dr. Wolff conducted an evaluation of Plaintiff's neurocognitive, educational, and psychological functioning due to purported difficulties that she was having at ICO. Defendant denies the remaining allegations of Paragraph 38 of the Complaint.

39. Defendant admits the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant admits the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant admits the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant admits that it received a letter from ICO stating that Plaintiff received the accommodations set forth in Paragraph 42 of the Complaint at certain times during her tenure

with ICO.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 42 of the Complaint.

43. Defendant admits that it received a letter from ICO stating among other things that ICO purportedly gave Plaintiff "additional time (up to double time) for clinical skills assessments or practical exams."  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 43 of the Complaint.

44. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 44 of the Complaint.

45. The statements in Paragraph 45 of the Complaint call for conclusions of law to which no response is required.

46. Defendant admits that Plaintiff has requested testing accommodations.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 46 of the Complaint.

47. Defendant admits that Plaintiff cooperated with its requests for documentation and that Plaintiff provided Defendant with contact information for one ICO official that had knowledge of the accommodations she received at ICO.  Defendant denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendant admits that it received Dr. Wolff's report and a letter dated December 5, 2018 from ICO.  To the extent Paragraph 48 of the Complaint contains other factual allegations for which a response is required, they are denied.

    **B.**    **THE NBEO'S DENIAL OF DR. HALIG'S REQUEST OF REASONABLE ACCOMMODATIONS**

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant states that it asked Plaintiff to provide confirmation of the accommodations that she received from ICO. Defendant denies the remaining allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant states that Plaintiff only applied for accommodations for Part I in November 2018, and that Defendant informed Plaintiff of its decision regarding her requested accommodations for Part I in February 2019. Defendant denies the remaining allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant admits that it evaluated the documentation that Plaintiff provided and approved her requests for double time on Part I and Part II and that it denied her request for double time for Part III, but states that Defendant did offer Plaintiff two alternative reasonable accommodations for Part III. Defendant denies the remaining allegations of Paragraph 56 of the Complaint.

57. Defendant admits that Paragraph 57 of the Complaint accurately quotes a portion of NBEO ADA Coordinator Rick Present ("Mr. Present")'s August 27, 2020 e-mail to Plaintiff. The remaining allegations of Paragraph 57 of the Complaint, if any, are denied.

58. Defendant admits that Paragraph 58 of the Complaint accurately quotes a portion of Mr. Present's August 27, 2020 e-mail to Plaintiff. The remaining allegations of Paragraph 58 of the Complaint, if any, are denied.

59. Defendant admits the phrase "undue burden" is not contained in Mr. Present's August 27, 2020 e-mail to Plaintiff. Defendant denies the remaining allegations of Paragraph 59 of the Complaint.

60. Defendant admits that in a few instances, where applicants have had disabilities that are distinguishable from Plaintiff's disabilities, additional time has been granted to applicants for Part III. Defendant denies the remaining allegations of Paragraph 60 of the Complaint, if any.

61. Defendant admits the terms "patients" and "safety" are not contained in Mr. Present's August 27, 2020 e-mail to Plaintiff. Defendant denies the remaining allegations of Paragraph 61 of the Complaint.

62. Defendant admits that one of the reasonable accommodations that it offered to Plaintiff for Part III was the option to have fifteen minute breaks instead of approximately four minute breaks between each of the four stations of the exam. Defendant further admits that it did advise Plaintiff that if she selected this reasonable accommodation option, "it could limit her potential testing dates."

63. Defendant admits that Plaintiff took Part III in approximately Spring 2021, Spring 2022, and Fall 2022. Defendant denies the remaining allegations of Paragraph 63 of the Complaint.

64. Defendant admits the allegations of Paragraph 64 of the Complaint.

65. Defendant admits Plaintiff did not pass the Part III exam and that Defendant did not grant her request for double time. Defendant denies that it did not offer her additional breaks. Defendant further denies that Plaintiff passed stations one and three. Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff ran out of time on stations two and four.

66. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 66 of the Complaint that relate to Plaintiff's practicum at ICO. Defendant denies the remaining allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. §§ 12101 *ET SEQ***

73. Defendant adopts and incorporates by reference the foregoing responses to Paragraphs 1 through 72 of the Complaint.

74. The statements in Paragraph 74 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

75. The statements in Paragraph 75 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

76. The statements in Paragraph 76 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

77. The statements in Paragraph 77 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

78. Defendant admits that it afforded Plaintiff additional time and breaks for Part I and the Part II. Defendant denies that Plaintiff requires additional time for Part III. Defendant denies the remaining allegations of Paragraph 78 of the Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

80. The statements in Paragraph 80 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

81. The statements in Paragraph 81 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

82. The statements in Paragraph 82 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

83. The statements in Paragraph 83 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

84. The statements in Paragraph 84 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

85. The statements in Paragraph 85 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

86. The statements in Paragraph 86 of the Complaint call for conclusions of law rather than averments of fact and thus no response is required.

87. Defendant admits that it had notice of Dr. Wolff's diagnoses of Plaintiff's disabilities, but denies Plaintiff's request for double time on Part III is reasonable.

88. Defendant admits the allegations set forth in Paragraph 88 of the Complaint.

89. Defendant denies the allegations set forth in Paragraph 89 of the Complaint.

90. Defendant denies the allegations set forth in Paragraph 90, subparts (a) through (f) of the Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

92. Defendant denies any violation of the ADA and denies that Plaintiff is entitled to any relief requested.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

93. In response to Paragraph 93 of the Complaint, Defendant adopts and incorporates by reference the foregoing responses to Paragraphs 1 through 92 of the Complaint.

94. Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95. Defendant admits the Plaintiff purports to allege violations of the ADA, but denies that she is entitled to any relief requested.

96. Defendant admits that it denies Plaintiff's allegations, but denies that declaratory relief is necessary or appropriate.

97. Defendant denies Plaintiff is entitled to any relief requested.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs (a)–(g) of this subsection of the Complaint, or to any other relief.

## RESPONSE TO JURY TRIAL DEMAND

Defendant objects to Plaintiff's demand for a jury trial with respect to any claim, issue, or element of relief to which Plaintiff is not entitled to a jury trial as a matter of right.

## DEFENSES[1]

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint fails to state a cause of action that is ripe for adjudication because Plaintiff has not received her Part III results.

3. The claims in the Complaint are barred to the extent Plaintiff seeks monetary damages. Title III of the ADA does not provide a private right of action for monetary relief.

4. Plaintiff did not provide sufficient documentation to substantiate her need for double time on Part III.

5. Plaintiff's request for double time to take Part III is unreasonable. Double time will fundamentally alter the measurement of the skills that Part III is intended to test.

6. Plaintiff's request for double time is inconsistent with Defendant's duty to protect the public and ensure that optometrists provide safe patient care.

7. Plaintiff's request for double time is inconsistent with Defendant's mission to serve the public and the profession of optometry by developing, administering, scoring, and reporting results of valid examinations that assess competence.

8. Part I and Part II are computer-based exams, whereas Part III is a performance-based exam.

9. Allowing double time for Plaintiff would not generate a Part III result comparable to those of candidates who perform within the normal time provided.

---

[1] By pleading Defenses herein, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any alleged damages.

10. Plaintiff's request for double time on Part III is unreasonable because it would pose an undue burden on the health and safety of Defendant's employees because they would be subject to prolonged light exposure, among other potential health and safety hazards.

11. Plaintiff's request for double time on Part III would pose an undue burden on Defendant and other candidates because, if Plaintiff's requested accommodation is granted, Defendant will be unable to allow other candidates to take Part III on the same day as Plaintiff.

12. Any mock testing Plaintiff undertook at ICO is entirely distinguishable from Part III.

13. It is not precedential that Plaintiff received accommodations for double time on the Graduate Record Exam or the Optometry Admissions Test.

14. The circumstances under which Defendant previously granted additional time to candidates for Part III are distinguishable from those in issue here.

15. Defendant has never granted double time to a candidate for Part III.

16. The Complaint fails to state a claim upon which relief can be granted. All actions taken with respect to Plaintiff with regard to her requests for testing accommodations were completely legitimate and non-discriminatory.

17. Plaintiff's claim and the relief sought is barred, in whole or in part, because Defendant at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

18. The Complaint fails to state a claim upon which relief can be granted. The conduct alleged in the Complaint is contrary to Defendant's good faith efforts to comply with the ADA.

19. Plaintiff failed to avail herself of the reasonable accommodations Defendant offered her for Part III in March 2021.

20. The Complaint should be dismissed, in whole or in part, because Plaintiff cannot establish a causal connection between Defendant's actions and her alleged injuries.

21. Plaintiff cannot establish that she will suffer irreparable harm if the relief sought is not granted.

22. Plaintiff cannot establish that the balance of the equities dictates in favor of granting the relief sought.

23. Plaintiff cannot establish that public interest dictates in favor of granting the relief sought.

24. Defendant will rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise.

25. Defendant denies any allegation not specifically admitted herein.

26. Defendant reserves the right to amend this Answer to supplement or assert different or additional defenses or to otherwise amend any of its denials, averments or defenses.

Dated: September 27, 2022

Respectfully submitted,

/s/
_____
Mary M. McCudden (Bar No. 20760)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2000 (T)
410.415.2001 (F)
Mary.McCudden@jacksonlewis.com

*Counsel for Defendant, National Board of Examiners in Optometry, Inc.*