**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
TELEPHONE (410) 962-7810
MDD_CDACHAMBERS@MDD.USCOURTS.GOV

July 26, 2024

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

RE:   *Halig v. National Board of Examiners of Optometry, Inc.*
      Civil No.: 22-2118-BAH

Dear Counsel:

Please be advised that an in-person settlement conference in the above-referenced case is scheduled for **Tuesday, October 29, 2024, at 10:00 a.m.** My chambers will circulate the assigned room number prior to the settlement conference. If you have a conflict with October 29, 2024, you should submit a letter to my chambers, within one week of this letter, requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties.

Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

**SETTLEMENT PREPARATIONS**

It is essential that the parties, or in the case of a business entity, a representative with complete authority to enter into a binding settlement, attend the settlement conference personally. A person with complete authority is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference.[1] Attendance by the attorney for a party is not sufficient. Please also be advised that the conference may take the entire day, and all those in attendance should plan accordingly.

Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before the settlement conference.

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, counsel must file a letter detailing why this Court should excuse the representative from personal attendance at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever is sooner.

*Halig v. National Board of Examiners of Optometry, Inc.*
Civil No.: 22-2118-BAH
July 26, 2024
Page 2

## WRITTEN SUBMISSIONS

Each party is requested to submit a short ex parte letter, NOT TO EXCEED FIVE PAGES, by email to MDD_CDAChambers@mdd.uscourts.gov no later than **Tuesday, October 15, 2024**, candidly setting forth the following:

1. facts you believe you can prove at trial;

2. the major weaknesses in each party's case, both factual and legal;

3. reference(s) to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (including a tabbed and highlighted copy of any relevant memoranda and/or citation to the ECF numbers and page numbers);

4. an evaluation of the maximum and minimum damage awards you believe likely;

5. if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets; the amount of any relevant mortgage or liens; and recent income tax information;[2]

6. the history of any settlement negotiations to date;

7. an estimate of attorneys' fees and costs of litigation through trial; and

8. the name and title of the representative(s) and counsel who will be attending the conference.[3]

**Extrinsic documents:** If you wish for me to review any deposition excerpts or exhibits, attach a copy to your letter. A paper copy of any ex parte letters with attachments that total more than 15 pages in length should be mailed or hand delivered to chambers with a table of contents. Please highlight and tab the portions of attachments that you want me to review. I also will review the select pleadings in the court file. Additionally, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please provide the citations and brief discussion of their relevance to your position.

---

[2] Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the ex parte letter for the Court's review.

[3] In general, it is most productive if only the parties to the case attend the settlement conference. If you believe it necessary for a non-party (including a family member) to attend with your client, you must clear that request with the other party or parties and notify chambers before the settlement conference.

**Pre-conference discussions:** Because settlement conferences are often more productive when the parties have previously exchanged demands and offers as part of a good faith effort to resolve on their own, I require that the parties confer in writing before the settlement conference. First, Plaintiff(s) shall submit a written demand to the Defendant(s) no later than one month before the settlement conference. This demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). The demand also shall include any request for non-monetary relief and the basis for the same. Defendant(s) shall respond in in writing within one week of receiving the demand or no later than three weeks before the settlement conference, whichever is later. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intend to respond to the demand by offering nothing, the response should state that expressly along with an explanation for this position. This correspondence between the parties shall be included with the ex parte letters submitted to the Court. Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the settlement conference.

### SETTLEMENT CONFERENCE PROTOCOLS

**Privacy and confidentiality:** The settlement conference process will be confidential, and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d). All participants and attendees in this mediation agree that all communications related to the mediation, and all negotiations and settlement discussions, communicated in any medium, are private and confidential.

**Absolute prohibition on recording:** You, or anyone on your behalf, may NOT audio or video record any mediation session or portion thereof. If you learn of an audio or video recording of any session, you shall take immediate measures to destroy the recording and will not disseminate the recording to third parties. You further agree that you will not transmit a live or deferred video or audio relay of the mediation sessions to third parties.

**Inadvertent privacy loss:** In the unlikely event that, during the settlement conference, you are placed into what is meant to be a private and confidential space, such as a "breakout room," and find that you nonetheless can hear or otherwise have access to the confidential conversations or information of others, you should immediately take steps to correct this and immediately contact the mediator.

\*     \*     \*

If counsel believes that a telephone conference before October 29, 2024, would make the settlement conference more productive, please contact my chambers by email to make arrangements.

   Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly. I look forward to seeing you on **Tuesday, October 29, 2024.**

              Sincerely,

               /s/

              Charles D. Austin
              United States Magistrate Judge


cc:  Judge Brendan Abell Hurson